IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAVIER HERNANDEZ TRUJILLO,

        Petitioner,

    v.

JAMIE MILLER,

        Respondent.

Case No. 2:23-cv-00314-MO

OPINION AND ORDER

Javier Hernandez Trujillo
21733093
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions dated December 14, 2017. Because Petitioner procedurally defaulted his sole ground for relief, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On May 17, 2016, the Marion County Grand Jury indicted Petitioner on 25 counts that involved mainly allegations of sexual abuse. Respondent's Exhibit 102. Petitioner proceeded to a bench trial where, following the third day of a four-day trial, Petitioner elected to enter a no-contest plea. In his Plea Petition, Petitioner agreed to plead no contest to 20 of the 25 counts, the State agreed to dismiss the remaining counts, and the parties agreed to a sentencing range of between 15 and 30 years in prison. Respondent's Exhibit 103. The trial court accepted Petitioner's plea and sentenced him to 30 years in prison. Respondent's Exhibit 105, pp. 35-41.

Petitioner took a direct appeal, but he later moved to voluntarily dismiss the case. Respondent's Exhibits 106-109. He then filed for post-conviction relief ("PCR") in Malheur County where he alleged that his trial attorney had refused to allow him to testify in his own defense and improperly induced him to enter into the no-contest plea such that the plea was not voluntary. Respondent's Exhibit 111. The PCR court denied relief. Respondent's Exhibit 164. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Hernandez-Trujillo v. Cain,* 319 Or. App. 538, 509 P.3d 121, *rev. denied,* 370 Or. 56, 512 P.3d 812 (2022).

On March 3, 2023, Petitioner filed his Petition for Writ of Habeas Corpus which raises a single claim of ineffective assistance of counsel. He alleges that his no-contest plea was not

knowing, voluntary, and intelligent because his trial attorney advised him to accept the plea without first informing him as to what a plea of no contest would entail. Respondent asks the Court to deny relief on this claim because Petitioner failed to fairly present it to Oregon's state courts, thereby leaving it procedurally defaulted.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152,

162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In his Petition for Writ of Habeas Corpus, Petitioner alleges that his trial attorney was ineffective for failing to explain the nature of a no-contest plea to him. He raised no such claim in his PCR Petition. *See* Respondent's Exhibit 111. During his PCR appeal, his appointed attorney was unable to find any arguable claims to present. This promoted him to file a *Balfour* brief on Petitioner's behalf, and Petitioner raised *pro se* claims in a supplemental brief.[1] Respondent's Exhibit 165. As he had in his PCR Petition, Petitioner continued to claim that his trial attorney was ineffective for not allowing him to testify in his own defense. Respondent's Exhibit 166, p. 4 (second assignment of error). He also raised two new and unpreserved claims related to trial counsel's investigation of the case and the witnesses he elected not to call.[2] *Id.* at 1-4 (first and third assignments of error). At no time did Petitioner present any of Oregon's state courts with the claim he raises in this federal habeas case. Because the time for presenting the claim in Oregon's state courts passed long ago, it is procedurally defaulted. Habeas corpus relief is therefore not appropriate.

Although not pled in the Petition for Writ of Habeas Corpus, it appears Petitioner fairly presented a single claim of ineffective assistance of counsel claim to Oregon's state courts when he alleged in his PCR action and subsequent appeals that his trial attorney was ineffective for not

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The petitioner may then file the Section B segment of the brief containing any assignments of error he wishes. *Id.* at 452.

[2] The State did not brief the merits of these claims in the PCR appeal, and argued only that Petitioner failed to preserve them for appeal because he did not raise them in his PCR action. Respondent's Exhibit 167.

4 – OPINION AND ORDER

permitting him to testify in his own defense. Respondent's Exhibit 111, p. 4; Respondent's Exhibit 166, p. 4; Respondent's Exhibit 168, p. 16. Because Petitioner did not include this claim within his Petition for Writ of Habeas Corpus, it is not properly before this Court. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Even if Petitioner had included this claim in his Petition for Writ of Habeas Corpus, he would not be entitled to relief. His attorney submitted a declaration to the PCR court wherein he stated that he never told Petitioner he could not testify. Respondent's Exhibit 165, p. 1. The PCR court found counsel to be credible and also concluded that "Petitioner did not prove that his trial attorney . . . refused to allow him to testify at trial. . . ." Respondent's Exhibit 164, pp. 2-3. There is no clear and convincing evidence in the record to rebut these factual findings. *See* 28 U.S.C. § 2254(e)(1) (state court factual findings are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence). This fairly presented but unpled ineffective assistance of counsel claim therefore lacks merit. *See* 28 U.S.C. § 2254(d) (habeas relief available only for unreasonable applications of clearly established federal law); *see also Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (habeas relief reserved for "extreme malfunctions" in the state courts).

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not

made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

5/6/2024
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

6 – OPINION AND ORDER